[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The petitioner brings this petition for a writ of habeas corpus alleging that his criminal trial attorney, Yvonne Rodriguez-Schack, was ineffective in that she allowed him to plead guilty by way of the Alford Doctrine to Assault in the first degree for a sentence of 20 years execution suspended after 15 years with 5 years probation when the plea bargain related to the petitioner by Attorney Rodriguez-Schack was of 15 years suspended after 10 years with 5 years probation. CT Page 13099
The petitioner testified that his attorney first told him that he probably would only have to serve five (5) years, a sentence of the (10) years execution suspended after five (5) years. This was a week before his plea. He understood from his attorney at the plea that he would have to serve ten (10) years which was a sentence of fifteen years suspended after ten (10) years. He knew that he was to remain out on bond from his plea on December 16, 1993 until the day of sentencing on March 18, 1994 so that he would be out for Christmas and the holiday period. He testified that he understood the discussion of the case and sentencing by Judge Miano but did not know that he had the right to interrupt to state his misunderstanding.
The petitioner is not credible. His attorney's note from her file, Petitioner's Exhibit 3, indicates she informed him after he requested her to get the best deal possible that at best it would be a ten to eleven year sentence and two weeks later a note from her file indicated a sentence of twenty years execution suspended after fifteen years with five years probation which included his violation of probation. Plaintiff's Exhibit 4. The transcript of his plea on December 16, 1994, Petitioner's Exhibit 1, is clear as to what the plea bargain was and that the petitioner understood, on pages 6, 7 and 8, and on page 10 that the petitioner was not just answering questions perfunctorily when he responded to the question of the judge "I don't have to answer that, do I?" The petitioner had seized upon his attorney's momentary memory lapse produced in the transcript of the petitioner's sentencing, Petitioner's Exhibit 2, when she believed the plea bargain was for a straight fifteen year sentence instead of the twenty years suspended after fifteen years with five years probation as disclosed on pages 2 and 3 to attempt to show that she was unsure of the plea bargain.
A successful petitioner must show that there is reasonable probability that, but for counsel's unprofessional errors, the result of the proceedings would have been different. Copas v. Commissioner, 234 Conn. 139 (1995);Strickland v. Washington, 466 U.S. 668, 694. The petitioner has failed to show that counsel's representation fell below an objective standard of reasonableness. Aillon v. Meachum,211 Conn. 352, 357. CT Page 13100
For the above reasons the court denies the petition.
Corrigan, JTR